UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO MENDOZA,<br><br>    Petitioner,<br><br>  v.<br><br>LOUIS WYNN,<br><br>    Respondent.                            / | No. C 09-1336 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Petition For Writ Of Habeas Corpus** |

On March 26, 2009, petitioner Guillermo Mendoza filed a petition for a writ of habeas corpus. Two weeks later, on April 20, 2009, petitioner filed an amended petition. For the reasons stated below, the court DISMISSES his petition.

BACKGROUND

On June 12, 2002, petitioner was convicted in the Superior Court of San Mateo County for possession of marijuana and possession of a firearm under California Health and Safety Code section 11359 and California Penal Code section 12022(a)(2). Docket No. 3 ("Amended Petition") at 2. Petitioner plead no contest to the charges and was sentenced to 16 months in prison. *Id.* Petitioner has since completed his sentence and is no longer in custody of the state. *Id.* It appears that petitioner was deported on November 5, 2002, subsequent to his 2002 conviction.

Petitioner appears to be currently incarcerated at the Tucson Federal Correctional Institution ("Tucson FCI"). *Id.* at 5. Although petitioner is challenging his California state court conviction, Louis Wynn, the warden of the Tucson FCI has been substituted as the defendant. *Id.* at 1.

1 Petitioner pled guilty to a violation of 8 U.S.C. section 1326 on January 1, 2008. *United States of*
2 *America v. Mendoza-Baldivias*, No. CR 07-1038-CKJ-CRP, Docket No. 65 (D. Ariz. May 28, 2009).
3 Petitioner's 2008 sentence includes a sentencing enhancement pursuant to 8 U.S.C. section
4 1326(b)(2), which calls for higher penalties for those whose removal was subsequent to a conviction
5 for commission of an aggravated felony.

## LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing section 2254 Cases.

## DISCUSSION

Petitioner is challenging the validity of his 2002 California state court conviction. Specifically, he claims that he was denied effective assistance of counsel because his attorney advised him that pleading no contest to criminal charges would not result in deportation.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. § 2241(c), 2254(a). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *Delong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Moreover, the immigration consequences of a state conviction do not render an individual "in custody pursuant to the judgment of a State court." *Resendiz v. Kovensky*, 416 F.3d 952, 958 (9th Cir. 2005) (an INS detainee facing

deportation on the basis of a state-court conviction is not in custody pursuant to the judgment of a state court and therefore cannot file habeas petition under 28 U.S.C. section 2254); *id.* at 960 (an immigration detainee is prevented from collaterally attacking a state court judgment in a 28 U.S.C. section 2241 petition against the INS; the sole remedy is to attack the state court conviction in state court). Here, petitioner has completed his sentence, including any parole or probation, imposed by the Superior Court of San Mateo County and is therefore not in custody for purposes of section 2254. If petitioner seeks to challenge his current custody pursuant to the Arizona conviction for his violation of Section 1326, his petition should be filed in the District of Arizona.

Moreover, petitioner failed to present his claims to the California Supreme Court. He claims that exhaustion is not required because of *People v. Kim*, 45 Cal. 4th 1078 (2009). Although the California Supreme Court held that "persons like defendant, who have completely served their sentence and also completed their probation or parole period, may not challenge their underlying conviction in a petition for a writ of habeas corpus because they are in neither actual nor constructive custody for state habeas corpus purposes," it did not alter exhaustion requirements under Section 2254. *Id.* at 1108. Consequently, the petition must also be summarily dismissed for failing to exhaust state court remedies.

The court notes the recent decision of the United States Supreme Court in *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010), which addresses counsel's failure to advise criminal defendants of immigration consequences of plea agreements. However, it appears that this decision will be of little assistance to petitioner. The defendant there was challenging his conviction in a post-conviction motion before the state court in which he was convicted. At that time he was in custody on that conviction. *See Commonwealth v. Padilla*, 253 S.W. 3d 482, 283 (Ky. 2008). Petitioner here failed to pursue his habeas remedy in the state supreme court, and in light of *Kim* and the long line of cases preceding it, he cannot do so now.

In fact, California has a statute, California Penal Code section 1016.5, which has been in effect since January 1, 1978, requiring the court to advise a defendant pleading guilty or *nolo contendre* that there may be immigration consequences such as deportation, exclusion or removal as

3

a result of conviction. This section may provide relief from a conviction if the court failed to comply with the statute. However, petitioner does not allege that the court failed to advise him in accordance with the statute, and the statute does not provide a remedy for ineffective assistance of counsel even if counsel misadvised his client. *See Kim*, 45 Cal. 4th at 1107 n.20. Nor does it appear that petitioner is any better situated than the petitioner in *Kim* to seek extraordinary relief upon a petition for a writ of error *coram nobis*, which in any event would need to be brought before the state court in which he suffered his conviction. *Id*. at 1091–1107.

It is clear from the foregoing that there is no relief available to petitioner in this court.

CONCLUSION

For the foregoing reasons, the petition is summarily DISMISSED.

IT IS SO ORDERED.

Dated: June 3, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California